UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIELLE MARIE WEIZTZEL, | No. 2:24-cv-2999 CSK P |
| Plaintiff, | |
| v. | ORDER |
| OFFICER B. JOHNSON, et al., | |
| Defendants. | |

Plaintiff is a county jail inmate proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this Court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the Court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

Plaintiff is granted an opportunity to elect to proceed as to her First Amendment retaliation claims against defendants B. Johnson and D. Gaskins, or may elect to amend her complaint as discussed below.

I.   SCREENING STANDARDS

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.

However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

II.     DISCUSSION

In plaintiff's first claim, she alleges that defendants B. Johnson and D. Gaskins retaliated against plaintiff by denying her a shower and verbally threatening her over the speaker in her cell, including telling plaintiff she shouldn't have filed a grievance, because plaintiff filed a grievance against them the day before, and their actions had a chilling effect on plaintiff, scaring her from asking for anything or filing a grievance. (ECF No. 1 at 3.) Such allegations raise an inference that defendants' actions did not reasonably advance a legitimate correctional goal. Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). Plaintiff's first claim alleges sufficient facts to state a potentially cognizable First Amendment retaliation claim against defendants B. Johnson and D. Gaskins.

Plaintiff's second and third claims fail to rise to the level of a federal civil rights violation as explained below.

In plaintiff's second claim, she alleges violation of her Eighth Amendment rights based on defendant B. Johnson's verbal harassment and rumors. (ECF No. 1 at 4.) Allegations of harassment, embarrassment, and defamation are not cognizable under section 1983. Rutledge v. Arizona Bd. of Regents, 660 F.2d 1345, 1353 (9th Cir. 1981), aff'd sub nom. Kush v. Rutledge, 460 U.S. 719 (1983); see also Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1982) (allegations of harassment with regards to medical problems not cognizable); Ellingburg v. Lucas, 518 F.2d 1196, 1197 (8th Cir. 1975) (Arkansas state prisoner does not have cause of action under § 1983 for being called obscene name by prison employee); Batton v. North Carolina, 501 F.Supp. 1173, 1180 (E.D.N.C. 1980) (mere verbal abuse by prison officials does not state claim

under § 1983). Nor are allegations of mere threats cognizable. See Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987) (mere threat does not constitute constitutional wrong, nor do allegations that naked threat was for purpose of denying access to courts compel contrary result). Plaintiff's allegations that defendant B. Johnson treated plaintiff differently than other inmates (ECF No. 1 at 4) are too vague and conclusory for the Court to determine whether plaintiff can state a cognizable Fourteenth Amendment claim against B. Johnson. It is unclear whether plaintiff can amend to state a cognizable claim based on the allegations in claim two, but she is granted leave to amend.

In her third claim, plaintiff alleges that defendants B. Johnson and D. Gaskins violated plaintiff's right to basic necessities by denying plaintiff toilet paper for three and a half hours. (ECF No. 1 at 5.)

The "treatment a prisoner receives in prison [or jail] and the conditions under which he [or she] is confined are subject to scrutiny under the Eighth Amendment." Helling v. McKinney, 509 U.S. 25, 31 (1993). Conditions of confinement may, consistent with the Constitution, be restrictive and harsh. Rhodes v. Chapman, 452 U.S. 337, 347 (1981). However, "[p]rison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety." Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000).

When determining whether the conditions of confinement meet the objective prong of the Eighth Amendment analysis, the court must analyze each condition separately to determine whether that specific condition violates the Eighth Amendment. See Wright v. Rushen, 642 F.2d 1129, 1133 (9th Cir. 1981). "[T]he deprivation alleged must be, objectively, sufficiently serious" and "a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." Farmer v. Brennan, 511 U.S. 825, 834 (1970) (internal quotations and citations omitted).

As to the subjective prong of the Eighth Amendment analysis, prisoners must establish prison officials' "deliberate indifference" to the unconstitutional conditions of confinement to establish an Eighth Amendment violation. Id. When considering the conditions of confinement,

4

the court should consider the amount of time to which the prisoner was subjected to the condition. Hearns v. Terhune, 413 F.3d 1036, 1042 (9th Cir. 2005).

Plaintiff's claim concerning the deprivation of toilet paper is insufficient to demonstrate a sufficiently serious deprivation. Plaintiff claims she was in the recreation yard for two hours (ECF No. 1 at 5), where she presumably had access to a bathroom. While in the recreation yard, plaintiff told defendant B. Johnson that plaintiff had little or no toilet paper left and would need a new roll before lockdown. (Id.) Three and a half hours later, both defendants came to plaintiff's cell door and told plaintiff she wasn't going to continue getting toilet paper. (Id.) Plaintiff then grieved that she was denied toilet paper for three and a half hours. (Id.) Thus, it is unclear whether defendants gave plaintiff toilet paper when they came to her cell. It is unclear when, or if, plaintiff was provided a new roll of toilet paper, or whether the three and a half hour period encompassed the time she was on the recreation yard. Finally, it is unclear whether plaintiff had run out of toilet paper completely by the time defendants appeared at her cell door.

In addition, plaintiff fails to allege she sustained a physical injury based on this alleged deprivation. See Robinson v. Buffaloe, 2021 WL 4483513, at *6 (C.D. Cal. Aug. 3, 2021) (dismissing prisoner's Eighth Amendment claim because the "allegations are conclusory and do not adequately describe . . . [the] harm caused") (citing Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997)), findings and recommendation adopted, 2021 WL 4477942 (C.D. Cal Sept. 30, 2021); see also Oliver v. Keller, 289 F.3d 623, 627 (9th Cir. 2002) ("[F]or all claims to which it applies, 42 U.S.C. § 1997e(e) requires a prior showing of physical injury that need not be significant but must be more than de minimis."); 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner . . . without a prior showing of physical injury[.]").

Plaintiff's conditions of confinement claim based on a failure to provide toilet paper is dismissed without prejudice. It is unclear whether plaintiff can amend to state a cognizable conditions of confinement claim, but plaintiff is granted leave to amend. Plaintiff must provide more details about the failure to provide toilet paper, the time frame of the alleged deprivation, and the consequences of such failure to provide toilet paper, as well as set forth the physical harm she incurred, if any.

III. PLAINTIFF'S OPTIONS

Plaintiff may proceed forthwith to serve defendants B. Johnson and D. Gaskins and pursue her potentially cognizable First Amendment retaliation claims against defendants B. Johnson and D. Gaskins, or she may delay serving any defendant and attempt to state cognizable Eighth or Fourteen Amendment claims against defendants B. Johnson and D. Gaskins. If plaintiff elects to proceed forthwith against defendants B. Johnson and D. Gaskins, against whom she stated potentially cognizable First Amendment retaliation claims for relief, then within thirty days plaintiff must so elect on the attached form. In this event the Court will construe plaintiff's election as consent to dismissal of the remaining claims against defendants B. Johnson and D. Gaskins (claims two and three) without prejudice. Under this option, plaintiff does not need to file an amended complaint.

Or, plaintiff may delay serving any defendant and attempt again to state a cognizable Eighth or Fourteenth Amendment claim against defendants B. Johnson and D. Gaskins. If plaintiff elects to attempt to amend the complaint to state a cognizable Eighth or Fourteenth Amendment claims against defendants, plaintiff has thirty days to amend. Plaintiff is not granted leave to add new claims or new defendants.

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he or she does an act, participates in another's act, or omits to perform an act he or she is legally required to do that causes the alleged deprivation).

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in the complaint and give plaintiff an opportunity to cure them. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S.

662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft, 556 U.S. at 678 (quoting Bell Atlantic Corp., 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft, 566 U.S. at 678 (citations and quotation marks omitted). Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth. Id.

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220; see Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading is superseded. Plaintiff is not granted leave to add new claims or new defendants.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Sheriff of Solano County filed concurrently herewith.

3. Plaintiff's second and third claims against defendants B. Johnson and D. Gaskins are dismissed with leave to amend. Within thirty days of service of this order, plaintiff may amend the complaint to attempt to state cognizable Eighth or Fourteenth Amendment claims against defendants B. Johnson and D. Gaskins. Plaintiff is not obligated to amend the complaint.

4. The allegations in the complaint are sufficient to state potentially cognizable First

////

Amendment retaliation claims against defendants B. Johnson and D. Gaskins for denying her a shower and verbally threatening her. See 28 U.S.C. § 1915A. If plaintiff chooses to proceed solely as to such claims, plaintiff shall so indicate on the attached form and return it to the Court within thirty days from the date of this order. In this event, the Court will construe plaintiff's election to proceed forthwith as consent to an order dismissing the defective claims without prejudice.

    5. Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: March 24, 2025

                               CHI SOO KIM
                               UNITED STATES MAGISTRATE JUDGE

/1/weiz2999.14o

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIELLE MARIE WEIZTZEL,<br><br>        Plaintiff,<br><br>   v.<br><br>OFFICER B. JOHNSON, et al.,<br><br>        Defendants. | No. 2:24-cv-2999 CSK P<br><br>NOTICE OF ELECTION |

Plaintiff elects to proceed as follows:

_____  Plaintiff opts to proceed with her First Amendment retaliation claims against defendants B. Johnson and D. Gaskins. Under this option, plaintiff consents to dismissal of the remaining noncognizable claims (claims two and three) without prejudice.

**OR**

\_\_\_\_\_  Plaintiff opts to file an amended complaint and delay service of process.

DATED:

_____
                          Plaintiff

1